Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Jacksonville Division

ALIN CHRISTOPHER PROPHETE
*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Lt. STERLING PEUGH et. al
*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. 3:20-cv-514-J-39JRK
*(to be filled in by the Clerk's Office)*

4th Amended

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: ALIN CHRISTOPHER PROPHETE
All other names by which you have been known:
ID Number: B07712
Current Institution: Santa Rosa Correctional Institution
Address: 5850 East Milton Road
Milton, FL 32583
*City   State   Zip Code*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: STERLING PEUGH
Job or Title *(if known)*: Lieutenant
Shield Number: Unknown
Employer: F.D.O.C Union C.I.
Address: P.O. Box 1000
Raiford, FL 32083
*City   State   Zip Code*
[✓] Individual capacity   [ ] Official capacity

Defendant No. 2
Name: JOSHUA DAVIS
Job or Title *(if known)*: Captain
Shield Number: Unknown
Employer: F.D.O.C. Union C.I.
Address: P.O. Box 1000
Raiford, FL 32083
*City   State   Zip Code*
[✓] Individual capacity   [ ] Official capacity

Part I ("B") The Defendants continued

**Defendant No. 5**
Name: Quinton Williams
Job or Title: Sergeant
Shield Number: Unknown
Employer: Union C.I.
Address: P.O. BOX 1000
Raiford, FL 32083
☑ Individual Capacity ☐ Official Capacity

**Defendant No. 6**
Name: Charles Bias
Job or Title: Officer
Shield Number: Unknown
Employer: Union C.I.
Address: P.O. BOX 1000
☑ Individual Capacity ☐ Official Capacity

**Defendant No. 7**
Name: Anthony Cruz
Job or Title: Sergeant
Shield Number: Unknown
Employer: Reception and Medical Center
Address: 7765 S. C.R. 231 P.O. BOX 628
Lake Butler, FL 32054
☑ Individual Capacity ☐ Official Capacity

**Defendant No. 8**
Name: Willie Oliver
Job or Title: Sergeant
Shield Number: Unknown
Employer: New River C.I.
Address: 8000 N.W 80th Place, P.O. BOX 900
Raiford, FL 32083
☑ Individual Capacity ☐ Official Capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
- Name: John Hood
- Job or Title (if known): Captain
- Shield Number: Unknown
- Employer: F.D.O.C. Florida State Prison
- Address: 23916 N.W. 83rd AVE
  Raiford, FL 32083
  City / State / Zip Code
- [✓] Individual capacity   [ ] Official capacity

Defendant No. 4
- Name: Lyndell Hampton
- Job or Title (if known): Officer
- Shield Number: Unknown
- Employer: Florida D.O.C. Union C.I.
- Address: P.O. Box 1000
  Raiford, FL 32083
  City / State / Zip Code
- [✓] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
1) Violation of Due Process 2) Violation of the 8th amendment under Cruel and Unusal punishment clause 3) Violation of the Prisons Rape Elimination Act do to a forced "sexual act" as defined in 18 U.S.C. section 2246

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Part II Basis of Jurisdiction ("D") continued page 1

At 9:59 A.M on 01/30/2019, Defendant Peugh issued Plaintiff a final order to cease all disruptive behavior. To be clear, Plaintiff was not being disruptive but, Defendant Peugh lied on Plaintiff in order to manipulate use of force proceedure to unjustifiably use force on Plaintiff. This order was recorded by a hand-held camera which was operated by officer Dominic Ellis. At 10:03 A.M., due to Plaintiff's compliance with Defendant Peugh's order, the camera was turned off, and all officers exited the housing unit Plaintiff was housed in.

At approximately 10:07 A.M., without any justifiable reason, Lt. Peugh returned with the camera and its' operator, officer Ellis, Aleksandr Meston and, Jenniefer Amit. Then, under the direct supervision of Defendant Peugh, Officer Amit administered three (3) one (1) second burst of O.C. Chemical Agents canister #5484606 into Plaintiff's' cell. Officers Meston, Amit and Defendant Peugh left the housing unit after this application of Chemical Agents but officer Ellis remained to continue recording the incident

At approximately 10:20 A.M. Defendant Peugh returned with Officers Amit and Meston and asked if I wanted to submit to hand restraint and strip search proceedure. I said Yes. However, instead of opening the handcuffing portal of Plaintiff's cell to conduct a strip search, Defendant Peugh ordered Jenniefer Amit to administer three (3) one (1) second burst

Part II Basis of Jurisdiction ("D") continued Page 2 of C.S. Chemical Agents canister #5484600. Then Amit, Meston and Peugh exited the housing unit while Ellis remained to record the incident.

At approximately 10:30 A.M. Defendant Peugh returned with officers Meston and Amit as well as the five-man forced cell extraction team which was comprised of Defendants Hampton, Williams, Bias, Cruz and Oliver. Upon being asked, I agreed to comply with strip search and hand restraint proceedures. However, the use of force camera was manipulated, by the Defendants of the cell extraction team, under the order and direction of Defendant Peugh, to make it appear as if I was not complying when, in fact, I was. The manipulation of the camera was done to "justify" unnecessary and unlawful use of force. Thus, at 10:32 A.M., under the direct supervision of Defendant Peugh, Jennicfer Amit Administered three (3) One (1) second burst of C.S. Chemical Agents canister #5484600 into Plaintiffs' cell. At this time all staff, except camera operator Ellis, exited the housing unit

At Approximately 10:40 A.M. Defendant Peugh returned along with Defendants Hood, Davis, Hampton, Williams, Bias, Cruz, and Oliver. Defendants Hampton, Williams, Bias, Cruz and Oliver assembled in front of my cell and asked if I was going to submit to strip search and hand restraint proceedures. I complied with these orders, but the use of force camera was manipulated by the Defendants, under the order and direction of

Part II Basis of Jurisdiction ("D") continued Page 3
Defendant Peugh, to make it appear as if I was not complying when, in fact, I was. The manipulation of the camera was done to "justify" unnecessary and unlawful use of force. Thus, at approximately 10:43 A.M. Plaintiff's cell was breached and the cell extraction team, along with Defendant Peugh, entered the cell. Over the next two to three minutes Plaintiff was physically and sexually assaulted by Defendants Hampton, Bias, Williams, Cruz, Oliver and Peugh.

Prior to the cell being breached, I had laid my state issued mattress on the floor directly in front of the cell door and I was laying face down, while naked, when the cell was breached. I offered no resistance during the cell extraction but the audio of video camera was manipulated by the Defendants who yelled on audio "stop resisting" and similar statements multiple times to drown out my screams for help and the noise of the assaults that was occurring. These Defendants also yelled these statements to unlawfully attempt to create the appearance of a need for force. During the entire time the Defendants were screaming "Stop resisting" I was actually being physically beaten with close fist and handcuffs and sexually assaulted with the leg irons.

I was beaten in the head with the handcuffs which were used as brass knuckles. My penis and testicles were repeatedly struck with close fist and shackles. I was also hit in the head with closed fist. All of this occured while I was naked because I had surrendered my boxers in compliance

Part II Basis of Jurisdiction ("D") continued Page 4
with strip search proceedure moments earlier. Also, while being penned down on my stomach my anus was penetrated several times by the open end of the shackles before there were put on my ankles. Along with physical injuries, I suffered and still suffer from severe emotional and mental anguish.

The physical injuries included hematomas in both eye areas of my face, multiple lacerations to my head, my lip was split and bleeding and, I had a cut on my penis and extreme pain in my testicles. All these injuries were gratuitous because there was no actual need for the cell extraction because I did comply with all strip search and hand restraint proceedures.

Moreover, Defendant Peugh wrote me a false disciplinary report in order to justify the use of force incident. Proceedural Due Process was violated because of this false Disciplinary Report Defendant Peugh wrote Plaintiff.

Defendants John Hood and Joshua Davis did not physically harm the Plaintiff during this incident but they are liable because they failed to intervene on my behalf and protect Plaintiff from the physical and sexual assult. that was occuring. They were present at my cell door during the cell extraction they saw what was happening and they acted as if nothing was wrong. Wille Oliver is liable because he failed to intervene on my behalf as well. He watched the entire cell extraction while blocking

Part II Basis of Jurisdiction ("D") continued Page 5
the view of the camera - for the duration of it - and did nothing to help me while I was being physically and sexually assulted.

Defendant Peugh organized and directed the manipulation of the use of force camera to falsely "justify" a need for force that was, in reality, not necessary. Plaintiff has personal knowledge of this fact. Because on 4/6/2019 while present at Plaintiff cell in S-Dorm at Union C.I., Defendant Peugh threatened to kill me by manipulating D.O.C. proceedure to get authorization to use force on Plaintiff, i.e. Chemical Agents and Forced Cell Extraction. And, he specifically said the extraction team would not allow Plaintiff to submit to hand restraint and strip search proceedure. He went on to say they would beat me like they did last time, but this time they would kill me and that someone would block the camera. He also said he would set me up just like last time. I also would like to point out that during the over 3 minutes Defendant Peugh was in Plaintiff's cell during the cell extraction he grabbed my penis.

Plaintiff avers that the aforementioned events constitute cruel and unusal punishment; violation of Due Process and; sexual assult via a sexual act as defined by Title 18 U.S.C. 2246

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. On 1/30/2019 while housed in U-2112 at Union Correctional Institution, Defendant Peugh sought and received authorization to supervise the use of chemical agents on Plaintiff by claiming Plaintiff was beating and yelling on his cell door (U-2112). Defendant Peugh also received authorization to use a forced cell extraction team. The Plaintiff was not being disruptive but Defendant Peugh made it appear so. (see attached)

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner
☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose. ~~On 1/30/2019 while Plaintiff~~

B. If the events giving rise to your claim arose in an institution, describe where and when they arose. On 01/30/2019 while Plaintiff was housed in U2-112 at Union C.I. in Raiford, FL Plaintiff was physically and sexually assaulted by some of the Defendants while the other Defendants failed to protect and or intervene. And Defendant Peugh wrote Plaintiff a false Disciplinary Report on the same day.

C. What date and approximate time did the events giving rise to your claim(s) occur?

~~April 6 2018~~

January 30th 2019 Between 7 A.M. and 7 P.M.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* I was gratuitously sprayed with chemical agents and physically and sexually assulted during a forced cell extraction. No such force was necessary and the "need" for said force was manufactored by Defendant Peugh's manipulation of F.D.O.C. use of force Policy and the use of force camera or such manipulation occured by the direction and order of Defendant Peugh the physical and sexual assults were carried out by Defendants Hampton, Williams, Biles, Cruz, and Peugh. Peugh violated Plaintiff's ~~Rights~~ Due Process rights by writting Plaintiff a false D.R.. Defendants Hood, Davis and, Olive failed to Protect and intervene on behalf of the Plaintiff while the sexual and physical assult occured

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. I had hematomas in both eye areas multiple lacerations to my head and penis as well as pain in my testicles. My blood pressure was increased. I had and still have headaches that don't go away with medicine. I had blood in my urine. My anus was physically penatrated by the open end of the shackles. I have emotional pain and suffering and severe mental anguish. I have sought mental health treatment but I have not received it. And I go through bouts with depression.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. I seek $12,000,000.00 from Defendant Peugh. And from Defendants Hampton, Williams, Biggs, Cruz, Oliver, Davis and Hood, I seek $2,000,000.00 per defendant - a total of $26,000,000.00 (twenty-six million dollars) in compensatory ~~and~~ punitive, future and, nominal Damages. The basis for these damages are physical assult and sexual assult via sexual act and the manipulation of F.D.O.C. Proceedure that led to a false "need" for force that led to the assult. And the writting of a false D.R. by Defendant Peugh.

### VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Union Correctional Institution

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?
Cruel and unusal punishment violation; Due Process violation and Sexual assault

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

Union C.I. and Santa Rosa C.I.

2. What did you claim in your grievance?

Cruel and unusal Punishment
Due Process violation
Sexual assult

3. What was the result, if any?

I turned in two grievances about the cruel and unusal punishment. The grievance about the sexual abuse was approved as well as the cruel and unusal punishment

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

The grievance about the sexual assult and cruel and unusal punishment were approved.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

_____

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3. Docket or index number
   _____

4. Name of Judge assigned to your case
   _____

5. Approximate date of filing lawsuit
   _____

6. Is the case still pending?
   ☐ Yes
   ☐ No
   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) ALIN CHRISTOPHER PROPHETE
   Defendant(s) DR. George et.al

2. Court *(if federal court, name the district; if state court, name the county and State)*

   US District Court for the Northern District of Florida

3. Docket or index number
   4:18-CV-00373-WS-CAS

4. Name of Judge assigned to your case
   William Stafford

5. Approximate date of filing lawsuit
   June 2018

6. Is the case still pending?
   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition 11/1/19 – 11/1/20

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Case dismissed without prejudice

OATH

I, ALIN CHRISTOPHER PROPHETE, certify under the penalty of perjury pursuant to Title 28 Section 1746 that the foregoing Title 42 Section 1983 civil rights complaint is true and correct

Signed this 7th Day of July 2021

/S/ Alin Prophete
Santa Rosa C.I.
5850 East Milton Road
Milton, FL 32583

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/7/2021

Signature of Plaintiff: *Alin Prophek*
Printed Name of Plaintiff: Alin Christopher Prophek
Prison Identification #: B07712
Prison Address: Santa Rosa C.I. 5850 E Milton Road
Milton, FL 32583

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
Telephone Number: _____
E-mail Address: _____