UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALIN CHRISTOPHER PROPHETE,

    Plaintiff,

v.                                                              Case No. 3:20-cv-514-BJD-LLL

LT. STERLING PEUGH, et al.

    Defendants.
_____

## **ORDER**

    1.    Plaintiff's Motion to Strike Defendants' Motion for an Extension of Time (Doc. 105) is **DENIED**. See Order (Doc. 104).

    2.    Plaintiff's Unopposed Motion for an Extension of Time (Doc. 111) is **GRANTED**. Plaintiff shall file a response to Defendants' Motion to Dismiss (Doc. 107) by **January 10, 2022**.

    3.    Defendants' Unopposed Motion to Amend the Scheduling Order (Doc. 110) is **GRANTED**. The Court finds good cause to extend the case management deadlines as follows:

        a.    The parties shall conduct discovery so the due date of any discovery requested is no later than **January 14, 2022**. Any motions relating to discovery shall be filed by **January 24, 2022**.

  b. All motions to dismiss and/or for summary judgment shall be filed by **March 15, 2022**.

  c. Responses to any motions to dismiss and/or for summary judgment shall be filed by **April 14, 2022**.

4. Defendants were previously directed to file responses to Plaintiff's Motions (Docs. 99, 101) by October 29, 2021. See Order (Doc. 104). To date, Defendants have failed to comply. In their Motion to Amend the Scheduling Order, Defendants assert that on November 5, 2021, defense counsel "conferred with the Plaintiff via telephone concerning discovery-related issues, . . . and the Plaintiff permitted additional time for the Defendant to respond to discovery requests." Doc. 110 at 2. It is unclear whether the parties conferred about the discovery issues raised in Plaintiff's pending Motions (Docs. 99, 101). If the parties' November 5, 2021 conversation did not include discussion of the discovery issues raised in Plaintiff's pending Motions (Docs. 99, 101), counsel for Defendants shall schedule a telephone conference for the parties to confer in good faith about those issues. **By November 30, 2021**, Defendants shall file either (1) a notice that the issues raised in the Motions (Docs. 99, 101) have been resolved or (2) a response to the Motions (Docs. 99, 101).

5. In Defendants' Motion to Dismiss, they argue, in part:

> As to the excessive force claims, the Plaintiff
> filed informal grievance 213-1902-0165 alleging

> excessive force by the Defendants on January 30, 2019. **Since the informal grievance was approved, the Plaintiff was not required to proceed further, however, he filed formal grievance 1903-213-006 which was denied. The Plaintiff should of and failed to file an appeal with the Office of the Secretary**. Therefore, he failed to exhaust his administrative remedies for the excessive force claim on January 30, 2019.

Doc. 107 at 12 (internal citations omitted and emphasis added). **By December 7, 2021**, Defendants shall file a supplemental brief, with citation to case law and any other legal authority, in support of their position that although Plaintiff's informal grievance was approved, that approval did not exhaust his administrative remedies as to his excessive force claims because he filed a formal grievance (that was denied) but failed to file an appeal.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of November, 2021.

                                                                                    _____
                                                                                    BRIAN J. DAVIS
                                                                                    United States District Judge

caw/JAX-3 11/16
c:
Alin Christopher Prophete, #B07712
Counsel of Record

3