UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALIN CHRISTOPHER PROPHETE,

                Plaintiff,

v.                                          Case No. 3:20-cv-514-BJD-LLL

LT. STERLING PEUGH, et al.

                Defendants.
_____

## **ORDER**

Before the Court is Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 107) as supplemented (Docs. 108, 109, 116). Plaintiff filed a Response in Opposition (Doc. 123) with a Declaration (Doc. 124) and Supplement (Doc. 140). With the Court's permission, Defendants filed a Reply (Doc. 141) and Plaintiff filed a Sur-Reply (Doc. 145). The Court also resolves the parties' discovery and scheduling motions (Docs. 128, 129, 130, 146).

Plaintiff initiated this case on May 20, 2020, by filing a civil rights complaint against Defendant Sterling Peugh and five John Does (Doc. 1). Plaintiff alleged that on January 30, 2019, Defendants subjected him to an unnecessary, excessive use of force during a cell extraction, in which Plaintiff

"was beaten in the head with handcuffs and shackles that were used as brass knuckles [and his] penis and [his] testicles were repeatedly struck as well." *Id.* at 6. Defendant Peugh filed an answer on October 14, 2020, in which he admitted "that the Plaintiff exhausted his administrative remedies." Doc. 19 at 3. Defendant Peugh did not raise failure to exhaust as an affirmative defense in his answer. *Id.* at 3-4.

Plaintiff filed a motion to amend on November 23, 2020 (Doc. 22). In that motion, he specifically sought leave to amend to "include [his] claim of sexual abuse via 'sexual act' as defined by 18 U.S.C. [§] 2246." *Id.* at 1. Defendant Peugh did not file a response to the motion, and the Court granted the motion on December 21, 2020 (Doc. 24). Thus, the amended complaint (Doc. 25) became the operative complaint. Plaintiff listed his claims as violations of due process, the Eighth Amendment, and the Prison Rape Elimination Act stemming from the January 30, 2019 cell extraction. *See id.* On February 4, 2021, Defendant Peugh filed an answer, again admitting "that the Plaintiff exhausted his administrative remedies," Doc. 31 at 3, and not raising failure to exhaust as an affirmative defense, *id.* at 3-4.

On February 16, 2021, Plaintiff sought leave to amend to name the five John Doe Defendants as Lyndell Hampton, Quinton Williams, Anthony Cruz, Charles Bias, and Willie Oliver (Doc. 35). Defendant Peugh did not file a

response to the motion, which the Court granted (Doc. 37), and the second amended complaint became the operative complaint on March 4, 2021[1] (Doc. 39). Plaintiff's claims did not change. Defendant Peugh filed an answer on March 22, 2021, admitting most of Plaintiff's allegations with respect to exhaustion and failing to include failure to exhaust as an affirmative defense (Doc. 45).

Before the remaining Defendants filed responses to the second amended complaint, Plaintiff sought leave to file a third amended complaint to add two defendants (Joshua Davis and John Hood) based on his review of the relevant video and audio recordings from the use of force (Doc. 42). Defendant Peugh did not file a response to the motion, the Court granted it (Doc. 63), and the Court directed the Clerk to file the third amended complaint as the operative complaint on May 12, 2021[2] (Doc. 64). In addition to the same claims previously raised, Plaintiff added that Defendants Hood and Davis failed to intervene in the alleged use of excessive force even though they had the opportunity to do so. Defendants Peugh, Bias, Williams, Hampton, Cruz, and Oliver filed an answer (Doc. 70) on May 21, 2021, admitting most of Plaintiff's allegations with respect to exhaustion and again not raising the failure-to-exhaust defense.

---

[1] The Order (Doc. 37) was signed on March 4, 2021, and entered on March 5, 2021.

[2] The Order (Doc. 63) was signed on May 12, 2021, and entered on May 13, 2021.

Defendants Davis and Hood filed an answer on August 24, 2021 (Doc. 91), likewise admitting most of Plaintiff's allegations with respect to exhaustion and failing to raise the failure-to-exhaust defense.

On July 12, 2021, Plaintiff sought leave to file a fourth amended complaint to clarify the defendant against whom he raised the due process claim, to change and clarify the damages he sought, and to verify the complaint with an oath (Doc. 85). No Defendant filed a response to the motion, and the Court granted it (Doc. 94). The Fourth Amended Complaint (Doc. 95) became the operative complaint on September 16, 2021.

On October 29, 2021, Defendants jointly filed the Motion to Dismiss, and for the first time, they argue that Plaintiff failed to exhaust his administrative remedies (Doc. 107). Specifically, Defendants contend, as their sole argument for dismissal, that "Plaintiff failed to exhaust his administrative remedies by failing to grieve that the Defendants committed a sexual act in an informal grievance, formal grievance, appeal, and PREA complaint, nor did the Plaintiff fully exhaust his excessive force allegations through an appeal as required by Chapter 33 of the Florida Administrative Code." *Id.* at 3.

Defendants previously admitted in their answers and discovery responses that Plaintiff exhausted his administrative remedies. Defendants

now mistakenly argue that because Plaintiff amended his complaint, they can automatically amend their answer.

> Although, under the Federal Rules of Civil Procedure, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case," *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1219 (11th Cir. 2007), **the filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint**. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1388 (3d ed. 2004) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading.").

*Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (emphasis added). A defendant "will be allowed to plead anew in response to an amended complaint, as if it were the initial complaint, when the amended complaint . . . changes the theory or scope of the case." *Id.* (quotations and citations omitted). That is so because "[i]t simply would be unfair to allow the plaintiff to change the scope of the case without granting the defendant an opportunity to respond anew." *Id.* (citation omitted).

Defendants do not contend that Plaintiff's Fourth Amended Complaint changed the theory or scope of the case in any way relevant to their newly-raised exhaustion defense. Indeed, Defendants acknowledge in the Motion to Dismiss that since the filing of the amended complaint, Plaintiff's second,

third, and fourth amended complaints have all alleged excessive force and sexual act claims arising during the forced cell extraction on January 30, 2019. *See* Doc. 107 at 2-3.[3] The failure-to-exhaust defense raised in the Motion to Dismiss has been available to Defendants since—at a minimum—December 21, 2020, when Plaintiff filed the amended complaint.

"[T]he general rule is that, when a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue at trial." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). An exception to that general rule exists if the plaintiff had notice of the defense. *See id.* Here, however, even though the defense has been raised prior to trial, the Court finds that Plaintiff was not placed on notice that Defendants intended to raise this defense at all in this case; rather, the procedural history shows quite the opposite. Defendants repeatedly failed to raise this defense in their answers.

---

[3] *See also* Doc. 141 at 8-9 (" In his initial complaint, the Plaintiff alleges that his penis and genitals were struck by the Defendants using handcuffs and shackles. ([Doc. 1] at 6). This was insufficient to allege a sexual act as defined in 18 U.S.C. § 2246. . . . Defendant Peugh answered this complaint and admitted that the Plaintiff's administrative remedies were exhausted as to claims for excessive force and not a sexual act as defined by 18 U.S.C. § 2246. In the First Amended Complaint, the Plaintiff's allegations mirrored the original complaint and alleged a penetration of his anus by the Defendants using shackles. (Doc. 25 at 6-7). The Second, Third, and Fourth Amended complaints also alleged a penetration of the Plaintiff's anus. (Docs. 39, 64, and 95). In the answers to the [First,] Second and Third Amended complaint, the Defendants admitted that the Plaintiff exhausted. (Docs. 31, 45, 70, and 91). Upon the filing of the Fourth Amended Complaint, [counsel] realized that the allegations of a sexual act and excessive force were not properly exhausted and filed a motion to dismiss.").

6

Instead, Defendants—on multiple occasions[4]—admitted that Plaintiff exhausted his administrative remedies with respect to his excessive force and sexual act claims. Allowing Defendants to raise a failure-to-exhaust defense as to Plaintiff's excessive force and sexual act claims at this stage of the proceeding would be prejudicial to Plaintiff.

The defense of failure to exhaust is a claims-processing rule, which is meant to promote the orderly progression of a case. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 472 (11th Cir. 2015) ("Examples of non-jurisdictional rules[,] . . . include 'claim-processing rules,' such as exhaustion requirements, which 'seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011))). Defendant Peugh could have, and should have, raised this defense at least by the filing of his response to the amended complaint—which he filed almost nine months before the Motion to Dismiss. The remaining Defendants could have, and should have, raised this defense in their responses to the third amended

---

[4] In their answers to the amended, second amended, and third amended complaints, Defendants admitted Plaintiff exhausted his administrative remedies and did not raise the failure-to-exhaust defense. In March and July 2021, when the amended complaint and third amended complaints were the operative complaints respectively, in response to Plaintiff's discovery requests, Defendants admitted that "Plaintiff's Claims are not barred for failing to exhaust administrative remedies." Docs. 124-1 at 2; 124-2 at 2; 124-3 at 2; 124-1 at 2; 125-1 at 2; 126-1 at 2; 124-7 at 2.

complaint. Defendants' delay, their admissions that Plaintiff exhausted his administrative remedies in their earlier pleadings and discovery responses, and their failure to raise the defense in their answers, compels the Court to find that Defendants were not reasonably diligent in pursuing this affirmative defense and by this point in the litigation, they have waived it.

Considering the foregoing, it is

**ORDERED**:

1.     Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 107) is **DENIED**. Defendants shall file an answer to the Fourth Amended Complaint by **June 7, 2022**.

2.     Defendants' unopposed Motion to Modify the Court's Scheduling Order for the Filing of Dispositive Motions (Docs. 146, 147) is **GRANTED.**

      a. Any motion for summary judgment shall be filed by **July 27, 2022**.

      b. Responses to any motions for summary judgment shall be filed by **August 26, 2022**.

3.     Defendants' Motion for Leave to Deem Responses to Plaintiff's Seventh Request for Admissions as Timely Served (Doc. 128), that is opposed by Plaintiff (Doc. 135), is **GRANTED to the extent stated herein**.

Defendants were to respond to Plaintiff's Seventh Request for Admissions by December 4, 2021.[5] They did not do so. Counsel explains:

> On December 4, 2021, [the date on which the discovery responses were due, counsel] received a call from his best friend that his best friend's father's health was failing. [Counsel] booked a flight to Miami departing from Tallahassee on December 5 at 6:00 AM, and returning the following day. Also, due to [counsel's] heavy caseload, preparations for trial, attending several settlement conferences during said period, and excusable neglect and inadvertence for failing to calendar the deadline, [counsel] failed to timely serve said responses or request an extension. . . . On January 21, 2022, the Defendants mailed and served the responses.

Doc. 128 at 1-2. As Plaintiff points out in his Opposition, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed served on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3); *see Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 686 (M.D. Fla. 2005) ("Failure to timely respond to requests for admission results in *automatic* admission of the matters requested."). The Court, on motion, may permit the admission to be withdrawn or amended. *See* Fed. R.

---

[5] The two requests for admission at issue are as follows: (1) "Admit that the copy of use of force Report #19-02141 (attachments included) that was provided to the Plaintiff is Genuine"; and (2) "Admit that it is the position of all the Defendants that use of force Report #19-02141 (attachments included) is factual and accurate." Doc. 128-1 at 1-2.

Civ. P. 36(b). In doing so, the Court must consider first "whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002).

In the interests of judicial economy and to facilitate the progression of this case, the Court construes Defendants' request as seeking to withdraw the automatic admissions under the two-part test announced in *Perez*.[6] The Eleventh Circuit has "a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). Allowing Defendants to withdraw the automatic admissions and respond to Plaintiff's requests will subserve the presentation of the merits. As to the second consideration, Plaintiff contends that he will be prejudiced "because discovery has now ended" and he "no longer has the means to seek additional discovery on the matters set forth" in these two requests. Doc. 135 at 4. Plaintiff also takes issue with one of Defendants' proposed objections. *See id.*

---

[6] Defendants discuss the two-part test in their Reply, even though they "assert that the two prong test[] in Rule 36(b) does not apply, because the Plaintiff amended his pleadings, and therefore, any admissions prior to the amended pleadings are no longer binding similar to admissions that precede an amended complaint." Doc. 141 at 10. For the reasons stated herein, the Court disagrees.

To avoid any potential prejudice to Plaintiff, the Court directs Defendants to serve their responses to Plaintiff's Seventh Request for Admissions by **June 2, 2022**. If Defendants intend to assert any objections to Plaintiff's requests, counsel for Defendants shall coordinate a telephone conference with Plaintiff to attempt to resolve the objections **<u>before</u>** the responses are served. Defendants should note that Federal Rule of Civil Procedure 36(a)(1)(B) specifically allows Plaintiff to request that Defendants admit the "genuineness of any described document." Thus, an objection to the use of the word "genuine" in a request seeking to determine the "genuineness" of a document does not appear to be well taken. If necessary, Plaintiff may file a motion related to this discovery issue by **June 16, 2022**.

4.    Plaintiff's Motion to Have Admission Deemed Admitted (Doc. 130) is **DENIED as moot**.

5.    Plaintiff's Motion to Compel a Discovery Response (Doc. 129), which is opposed by Defendants (Doc. 142), is **GRANTED** to the extent that by **June 2, 2022**, Defendant Peugh shall respond to Plaintiff's request for admission that the Florida Department of Corrections Security Operations Procedure 602.004 defines the term "shift supervisor" as "[t]he highest ranking correctional officer of the on-duty shift." Defendants again misinterpret Plaintiff's request as seeking to compel production of this procedure. *See* Doc.

11

142 at 1. The Court previously denied Plaintiff's request to produce a copy of this procedure, *see* Order (Doc. 63), and the Court maintains that ruling. However, Defendants have not explained how the definition of this term triggers the same "safety concerns" as would the production of the whole procedure. And some of Defendants' discovery responses detail more specific aspects of this procedure. *See* Doc. 99-1 at 5. Defendants' discovery responses already produced refute the argument that admitting or denying the definition of this term would implicate "safety concerns."

6.     Defendants must exercise diligent effort to provide responses that fairly meet and comply with Plaintiff's discovery requests as ordered herein. The Court is confident that the parties will work together to finalize these discovery issues without further Court intervention or delay of this case. **Absent extraordinary circumstances, the Court will not extend the deadlines set in this Order.**

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of May, 2022.

BRIAN J. DAVIS
United States District Judge

JAX-3 5/18
c:
Alin Christopher Prophete, #B07712
Counsel of Record